UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED STATES OF AMERICA,

                        Plaintiff,

              -against-

VALERIE L. CHESTER,
                        Defendant.
-----------------------------------------------------------X

**REPORT AND RECOMMENDATION**

CV 04-5263 (DRH) (WDW)

**WILLIAM D. WALL, United States Magistrate Judge:**

By Order of Referral dated April 7, 2005, this matter was referred to the undersigned for the purpose of issuing a report and recommendation with respect to default damages, attorney's fees, and costs. For the reasons set forth herein, the undersigned recommends that the plaintiff United States be awarded damages, including interest to February 10, 2005, in the amount of $7,805.38, plus interest from February 11, 2005 to the date of judgment, plus costs in the amount of $30 and attorney's fees in the amount of $1,125.

## BACKGROUND

On January 18, 2005, the plaintiff United States of America commenced this action by serving a copy of the summons and complaint on defendant Valerie L. Chester ("Chester"). Chester failed to answer, appear, or otherwise move, and District Judge Hurley entered a default judgment on April 7, 2005. The plaintiff now seeks an award of damages and costs, including attorney's fees.

## DISCUSSION

**1.) DAMAGES:**

Because the plaintiff seeks a sum certain in this action, a detailed analysis of damages is

unnecessary. Indeed, in the Order of Referral, Judge Hurley noted that the undersigned "need only restate the damages amount in a report that also makes findings as to the appropriate amount of attorney's fees and costs." 4/7/05 Entry of Default and Order of Referral, n. 1. The plaintiff seeks recovery on two notes, as follows:

|  | Claim No. C104-01202 | Claim No. C104-01203 |
| --- | --- | --- |
| Principal | $2,949.04 | $1,906.45 |
| Interest through 2/10/2005 | $1,710.18 | $1,239.71 |
| Total Owed | $4,659.22 | $3,146.16 |

Accordingly, the undersigned recommends that damages be awarded in the principal amount of $4,855.49, plus interest of $2,949.89 through February 10, 2005, for a total of $7,805.38, and additional interest from February 11, 2005 to entry of judgment, pursuant to the Certificates of Indebtedness certified by the United States Department of Education, attached to the Complaint as Exhibits A&B.

**2.) COSTS AND ATTORNEY'S FEES:**

In addition to damages, the plaintiff seeks an award of costs, including attorney's fees, as collection fees in this matter. The assessment of collection fees against defaulted federal loans is authorized by regulations enacted pursuant to the Higher Education Act of 1965 (HEA), 20 U.S.C. §1071, *et seq.* One such regulation sets forth the mandatory terms of a federal student loan, and requires a promissory note to "state that the borrower shall pay all attorney's fees and other loan collection costs and charges." 34 C.F.R. §674.31. The promissory notes executed by Chester on or about September 18, 1992 duly provide that if Chester, as the borrower, fails to pay the amounts set forth in the note when they are due, she "will pay all charges and other costs,

2

including the fees of an outside attorney and court costs, that are permitted by Federal law and regulations for the collection of this loan."[1] Federal law and regulations permit the imposition of collection charges in "an amount equal to the reasonable costs incurred by the agency in collecting a loan on which the agency has paid a default or bankruptcy claim. These costs may include, but are not limited to, all attorney's fees, collection agency charges and court costs." 34 C.F.R. §682.410(b)(2). The plaintiff is thus entitled to reasonable costs, including reasonable attorney's fees.

**a.) Costs:**

The plaintiff seeks $180 in costs, consisting of $150 in filing fees and $30 for service of the summons and complaint. The United States is not required to pay a filing fee when initiating an action in federal court; no such payment is reflected in the Civil Docket for this case; and the plaintiff has not provided a receipt for payment of any fee. Thus, the $150 should be denied. The $30 service fee, on the other hand, is substantiated by an invoice from Federated Process Servers, Inc., and that amount should be awarded.

**b.) Attorney's Fees:**

The plaintiff suggests an award of attorney's fees equal to 20% of the amount of damages - here, $1,597.08 - or, alternatively, an award based on 4.5 hours of attorney work at a rate of $350 per hour - $1,575.

The plaintiff claims, first, that a fee of 20% of the recovery is "in line with the percentage awarded as reasonable attorney's fees by the federal courts." Sucher Aff. ¶7. The cases relied

---

[1] Copies of the promissory notes were not in the original papers submitted by the plaintiff, but were forwarded to court at the request of the undersigned and are now part of the record before the court.

upon by plaintiff, however, fail to support an award based on 20% of the amount sought.[2] And, although a flat 20% approach may not result in an unreasonable fee in this matter, calculation of attorney's fees using such an approach could easily lead to an unreasonable result in other cases where the amount owed on the promissory note was significantly higher. Thus, the court declines to follow it.

The alternative approach suggested by the plaintiff is a basic lodestar calculation, that is, "reasonable number of hours spent multiplied by a reasonable hourly rate." *See New York State Ass'n for Retarded Children, Inc. v. Carey,* 711 F.2d 1136, 1154 (2d Cir. 1983). The entitlement to fees in this case, however, is not based on a typical fee-shifting statute giving rise to application of the lodestar approach. *See, e.g.,* 42 U.S.C. §1988. Instead, the application here relies on elements of both contractual and statutory entitlement to fees. In awarding fees in student loan defaults, courts have looked to both the determination of what is "reasonable" in an award of contractual fees pursuant to a promissory note and to the lodestar approach. *See, e.g., United States v. Mueller,* CV 04-3063, Report and Recommendation, at 5-6 (E.D.N.Y. Dec. 22, 2004) (ETB), *adopted* (E.D.N.Y. Feb. 11, 2005)(JS). Underlying both approaches is the reasonableness of the fees sought. *See, e.g., People's Westchester Sav. Bank v. Ganc,* 715 F.

---

[2]None of the cases relied on by the plaintiff involves an award of fees in a student loan case and they are distinguishable on other grounds as well. *See Yurman Designs, Inc. v. PAJ, Inc.,* 2002 WL 200242 (2d Cir. Feb. 8, 2002) (award of fees in complex case involving federal copyright and state unfair competition law); *Wombles Charteres, Inc. v. Orix Credit Alliance, Inc.,* 1999 WL 988546 (S.D.N.Y. Nov. 1, 1999) (underlying promissory note expressly stated that attorney's fees would be 20% of monies due and owing, plus all costs and expenses of any suit; *People's Westchester Sav. Bank v. Ganc,* 715 F. Supp. 610 (S.D.N.Y. 1989) (noting that New York state courts have upheld fees as high as 20% of promissory notes' face value, but awarding only 10% of face value where hours spent were excessive, and listing factors to consider when determining reasonableness of attorney's fees).

Supp. 610 (S.D.N.Y. 1989) (citing *National Commercial Bank and Trust Co. v. Farina's Mkt, Inc.,* 406 N.Y.S.2d 979, 980 (Albany County Sup. Ct. 1978) (when determining reasonableness of attorney's fees provided for by clause in promissory note, courts can consider time expended, nature of services performed, expertise of lawyers and benefits achieved for client); *Hensley v. Eckerhart,* 461 U.S. 424, 430 n.3 (1983) (listing factors courts can look to in determining reasonable fees to be awarded in lodestar context).

Plaintiff's counsel claims that he spent approximately 4.5 hours litigating this matter and that his usual hourly rate is $350, and thus asks for an award of $1,575. He lists, in his affidavit, the services he typically performs in a collection case resulting in a default. Sucher Aff. ¶8. The court finds that the services listed could reasonably take 4.5 hours, and accepts that number as reasonable.

As to the hourly rate in a student loan default, Magistrate Judge Boyle, faced with a demand identical to the one before the court in this matter, found that, "based on the relative simplicity of the issues involved . . . , the defendant's default, and the market rate," he would recommend reducing the hourly rate to $250 per hour and awarding $1,125. *Mueller,* CV 04-3063, Report and Recommendation, at 6. The undersigned agrees with that approach and recommends that the plaintiff be awarded attorney's fees in the amount of $1,125.

## OBJECTIONS

A copy of the Report and Recommendation is being sent by the Court to the plaintiff. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 10 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. §636 (b)

(1); Fed. R. Civ. P. 72; *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
July 14, 2005

     /s/ William D. Wall
WILLIAM D. WALL
United States Magistrate Judge